## STILES *v.* RICE and others.

*(Circuit Court, D. Massachusetts. January 13, 1887.)*

PATENTS FOR INVENTIONS—REISSUE NO. 2,542—CLAIM BROADER THAN ORIGINAL —OMISSION OF LIMITING ELEMENTS.

*Held* that the first claim of reissued patent No. 2,542, issued April 2, 1867, to Norman C. Stiles, for metal punch, is invalid by reason of making a broader claim by omitting two of the limiting elements of the original patent, (No. 41,403, dated January 24, 1864,) viz., the pitman to which the adjusting pitman is attached, and the clamp by which the eccentric is held in place.

Action at law to recover damages for the infringement of letters patent.

*J. L. S. Roberts*, for complainant.

*J. E. Maynadier*, for defendant.

CARPENTER, J. In my consideration of this case I have had occasion to examine three questions. The first relates to the validity of the reissued patent on which the action is brought; and this question must be determined in accordance with the finding on the subsidiary question whether the reissue can bear the narrow construction for which the plaintiff contends. The second question is whether, assuming the plaintiff's construction of the patent, there be patentable novelty in the invention. These questions have been argued with much learning and force, and with the assistance of ingenious statements of expert witnesses. The consideration of the case has occupied more time than would have been required if I had earlier reached a conclusion on the single point, on which, I am now satisfied, the case must be decided.

The case is an action at law, heard by the court, without a jury, and is brought to recover damages for the infringement of the first claim of reissued patent No. 2,542, issued April 2, 1867, to Norman C. Stiles, for metal punch. The original patent was numbered 41,403, and dated January 24, 1864; and the first reissue was numbered 2,139, and dated December 26, 1865. The claim in question, as it is contained successively in the original and in the two reissues, is as follows:

*First.* The compound eccentric, D, consisting of an eccentric wrist pin, *a*, adjustable disk, *b*, and clamp, *d*, or its equivalent, in combination with the pitman, F, constructed and operating in the manner and for the purpose substantially as set forth.

*First.* The compound eccentric, D, consisting of an eccentric wrist pin, *a*, adjustable disk, *b*, and clamp, *d*, or its equivalent, constructed and operated in the manner and for the purpose substantially as set forth.

1. I claim the eccentric wrist pin, *a*, and turning part, *b*, or its equivalent, constructed and combined as described, to operate the punch at different levels, substantially as and for the purpose herein set forth.

The first defense is that the reissue is not valid, because it is for an invention broader than that claimed in the original patent. The first reissue, as will be seen by a comparison of the claims, omits from the combination the pitman to which the adjusting eccentric is attached; and the second reissue omits also the clamp by which the eccentric is held in place. The case, therefore, on its face, presents an example of a reissue which makes a broader claim by omitting two of the limiting elements of the original patent. In the present state of the law, such a reissue must, of course, be held to be invalid. But the plaintiff contends that the descriptive part of the specification in the reissue makes the pitman and the clamping device an operative part of the combination; and he then contends that the claim contains such a reference to the descriptive part of the specification as will carry these elements into the claim. It is a little difficult to understand precisely on what part of the claim this contention is based. The words, "constructed and combined as described, to operate the punch at different levels," seem to me to refer solely to the construction and combination of the elements which are explicitly stated in the claim. I think, however, that the plaintiff means to be understood that the pitman and clamping device, exactly as described by him, are to be imported into the claim by construction, as being necessary to the functional operation of the device which is described in the claim. Against such a construction there are two objections either of which appears to me to be fatal.

*First.* I am not prepared to hold that the patentee, after he has omitted the elements from his claim by a reissue, can be permitted to insist that they be brought back by construction.

*Secondly.* The construction for which the plaintiff asks is a construction by necessity, and cannot be carried further than is called for by the necessity. He says that his claim must be limited by taking such elements from the specification as will make his claim cover an operative device. But even if he can prevail to this extent, he certainly cannot be permitted to limit his claim any further than is necessary to make it

describe an operative mechanism.   Looking, then, at the pitman alone, and assuming that the plaintiff may import that element into the claim to the extent above indicated, it is evident that he can be permitted only to hold that the eccentric is attached to a pitman or equivalent device. He cannot be permitted to say that the claim implies that the eccentric is placed at either end of the pitman to the exclusion of the other end. His patent will therefore cover an eccentric attached to a pitman.

Having thus determined the construction to which, in the most favorable view for him, the plaintiff is entitled, it becomes necessary to look at the prior state of the art, as shown by the evidence.   It is proved, without contradiction, that punching-machines had been built by Timothy F. Taft, and had been in public use as early as the year 1862, in which there was an adjusting eccentric attached to the wrist pin, or slide pin at the lower end of the pitman.   These machines undoubtedly anticipate the claim, if the claim be construed as I think it must be construed.

In view of the whole case, in short, the plaintiff cannot prevail, unless he can be permitted, by construction,—*First*, to import a limitation into his claim, in order to bring the device which he claims within the class of operative devices, according to the description in the specification; and, *secondly*, to import a further limitation into the claim in order to bring his device within the class of patentable novelties, in view of the prior state of the art.   This last limitation seems to be clearly inadmissible. A limitation introduced by construction must be based on the express words of the instrument, and must stand in the same terms in which it is introduced.   If it were permitted to base one constructive limitation on another constructive limitation, the process might be repeated indefinitely, and the claim of every patent would thus be limited, not by the terms of the claim, but solely by the limits of possible invention in the particular class of devices to which the patent relates.

I hold, therefore, that the first claim of the reissued patent is invalid, and that judgment must be for the defendant.